IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

J.E.,

    *Plaintiff*,

v.

                                                    Civil No.: 1:24-cv-02744-JRR

**UNIVERSITY OF BALTIMORE,
SCHOOL OF LAW,** *et al.*,

    *Defendants*.

## MEMORANDUM OPINION

Pending before the court is Plaintiff's "Omnibus Motion to File his First Amended Complaint Under Pseudonym, to File the First Amended Complaint Provisionally Under Seal, and to Seal the Prior Record and Plaintiff's Affidavit in Support" (ECF No. 38, the "Omnibus Motion"); Motion for Provisional Relief and Sealing of Exhibit (ECF No. 65); Motion to File Emergency Motion for Interim Protective Relief Under Seal (ECF No. 69); Motion to File Motion to Expedite Under Seal (ECF No. 74); Motion to File Objection Under Seal (ECF No. 80); Motion to File Supplement to Response and Objection Under Seal (ECF No. 82); Motion for Provisional Sealing of Defendants' Motion to Dismiss the Original Complaint and Related Filings (ECF No. 84); Motion to File Reply and Exhibits A, B, and C Under Seal (ECF No. 86); Motion to File Endorsement of Omnibus Under Seal (ECF No. 88); Motion to File Supplement to Reply Under Seal (ECF No. 91); Motion to File the Motion for Reconsideration and Protective Relief Under Seal (ECF No. 93); Motion for Reconsideration to ECF 78 and Interim Protective Relief (ECF No. 94); Motion to File Supplemental Endorsement Under Seal (ECF No. 96); Motion to File Motions for Redaction Under Seal (ECF No. 102); Motion for Redactions (ECF No. 103); Motion to File Endorsement Under Seal (ECF No. 104); Motion to File Response to Motion to Dismiss Under

Seal (ECF No. 106); Motion to File Exhibit A Under Seal (ECF No. 108); Motion to File Motion for Expedited Review Under Seal (ECF No. 110); Motion to File Motion for Temporary Stay of Proceedings Under Seal (ECF No. 112); Motion to File Notice of Violation Under Seal (ECF No. 114); Motion to Strike Former Counsel of Record (ECF No. 116); Motion to File Motion for TRO, Exhibits A and B Under Seal (ECF No. 117); Motion to File Motion for Ex-Parte TRO Under Seal (ECF No. 122); Motion to File Supplement to Motion for Extension of Time Under Seal (ECF No. 126). Also pending is Defendants' Motion to Seal reply Memorandum in Support of Defendants' Motion to Dismiss First Amended Complaint (ECF No. 121). The court has reviewed all papers. No hearing is necessary. Local Rule 105.6 (D. Md. 2025).

## I.  BACKGROUND

Plaintiff initiated the instant action on September 23, 2024. (ECF No. 1). Plaintiff, at that point represented by counsel, did not file the complaint under seal or pseudonym. *Id.* On March 31, 2025, Plaintiff filed an Amended Complaint and the Omnibus Motion. (ECF Nos. 38, 39.) Defendants indicated they did not object to the filing of the Amended Complaint, but opposed Plaintiff's motion to proceed under pseudonym and seal the record. (ECF Nos. 45, 46.) In the Omnibus Motion, Plaintiff seeks leave to proceed under pseudonym, seal the record, and refile redacted versions of the filings on the public docket. (ECF No. 38 at p. 6.) Plaintiff also requests permanent sealing of his affidavit in support of the Omnibus Motion, as it details "sensitive personal and mental health information." *Id.* Defendants oppose the Omnibus Motion and urge the court to consider less restrictive alternative measures than Plaintiff's requested relief. (ECF No. 46.) While the Omnibus Motion was pending, the parties agreed to seal Defendants' Memorandum in Support of its Motion to Dismiss First Amended Complaint (ECF No. 47-1). (ECF Nos. 56, 57.)

On May 16, 2025, at the request of Plaintiff and his former attorneys, Plaintiff's counsel withdrew from representation and Plaintiff proceeded *pro se*. (ECF Nos. 59, 63.) Once *pro se*, Plaintiff began to call the undersigned's chambers and file numerous motions and miscellaneous correspondence urging immediate attention to his matter and seeking an order sealing the docket and allowing him to proceed under pseudonym. *See, e.g.,* ECF Nos. 65, 66, 69, 70, 74, 75. This court repeatedly instructed Plaintiff that while individual filings may be placed under provisional seal pending disposition of associated motions to seal, the court would not seal the entire docket or allow Plaintiff to proceed under pseudonym while the Omnibus Motion was pending. (ECF Nos. 67, 78.)  Further, while the Omnibus Motion was pending, the Complaint, Amended Complaint, and memoranda in support of Defendants' motions to dismiss both the Complaint and Amended Complaint remained under seal.  On June 4, Plaintiff filed his reply in support of the Omnibus Motion. (ECF No. 87.) In the past month, Plaintiff filed four supplements to the Reply (ECF Nos. 89, 92, 95, 97) along with motions to seal three of the supplements (ECF Nos. 88, 91, 96), eighteen (18) other motions, as well as miscellaneous notices, requests to file a second amended complaint, two motions for temporary restraining order, and numerous motions to provisionally seal his filings.

## II.     PLAINTIFF'S OMNIBUS MOTION

Under Federal Rule of Civil Procedure 10(a), a complaint must include a title naming all parties. FED. R. CIV. P. 10(a).  In exceptional circumstances, however, the court may allow a party to proceed pseudonymously.  *Doe v. Pub. Citizen*, 749 F.3d 246, 273–74 (4th Cir. 2014).  In considering a request to proceed pseudonymously, the "district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that

3

anonymity would pose to the opposing party." *Id.* at 274.

The Fourth Circuit provides five non-exhaustive factors that courts should consider to determine whether to grant a request to proceed pseudonymously:

> [W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). "Not all of these factors may be relevant to a given case, and there may be others that are." *Doe v. Alger*, 317 F.R.D. 37, 39 (W.D. Va. 2016).

With respect to the first factor, Plaintiff's request for a pseudonym must be for the purpose of preserving "privacy in a matter of sensitive and highly personal nature" and not "merely to avoid the annoyance and criticism that may attend any litigation." *Jacobson*, 6 F.3d at 238. While a mental disability may be of a sensitive and highly personal nature, courts should also look to "how exceptional and stigmatizing the issues must be to allow anonymity." *Smith v. Towson Univ.*, No. CV JRR-22-2998, 2022 WL 18142844, at *2 (D. Md. Nov. 30, 2022), *aff'd,* No. 22-2319, 2023 WL 3053034 (4th Cir. Apr. 24, 2023). *See also See Doe v. Chesapeake Med. Sols., LLC*, Civ. No. SAG-19-2670, 2020 WL 13612472, at *1 (D. Md. Feb. 26, 2020) (finding "information about the plaintiff's medical conditions" to be "sensitive and highly personal").

As this court and others have explained, not all allegations concerning disabling conditions warrant anonymity; to justify anonymity, such conditions must be exceptional. *Towson Univ.*, 2022 WL 18142844, at *2 (collecting cases). Indeed, courts have rejected requests to proceed under pseudonym where plaintiffs sought to proceed under same based on allegations of mental

4

illness diagnoses including obsessive-compulsive disorder and post-traumatic stress disorder. *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997); *Doe v. Berskshire Life Ins. Co. of Am.*, No. 20-cv-1022, 2020 WL 3429152, at *2 (D. Col. June 23, 2020). Importantly, however, this court has recognized "involuntary commitment to a mental hospital after a finding of probable dangerousness to self or others can engender adverse social consequences to the individual." *Doe v. Univ. of Maryland Med. Sys. Corp.*, No. 1:23-CV-03318-JRR, 2024 WL 1604489, at *2 (D. Md. Apr. 12, 2024) (quoting *Addington v. Texas*, 441 U.S. 418, 425–26 (1979)); *see also Doe v. Univ. of Maryland Med. Sys. Corp.*, No. 1:23-CV-1572-SAG, 2023 WL 3949737, at *2 (D. Md. June 12, 2023) (same). Accordingly, this court has allowed plaintiffs to proceed under pseudonym where their allegations contain details of hospitalization for mental illness and thus "unavoidably implicate medical information of a 'sensitive and highly personal nature.'" *Univ. of Maryland Med. Sys. Corp.*, 2023 WL 3949737, at *2.

In the instant case, Plaintiff's allegations pertain to the aforementioned sensitive topics—his health information, his diagnosis with mental health disorders, and, importantly, his inpatient hospitalization. (ECF No. 39 ¶¶ 7, 20, 105–108.) The court concludes that Plaintiff's allegations contain matters that are of a highly sensitive and personal nature, and, especially in light of the stigmatizing nature of the allegations, the first factor weighs in favor of allowing Plaintiff to proceed by pseudonym. *Jacobson*, 6 F.3d at 238.

The second factor considers whether denying the Motion would "pose[] a risk of retaliatory physical or mental harm" to Plaintiff. *Id.* Plaintiff argues that public disclosure of his identity and diagnoses will "be highly stigmatizing and cause Plaintiff mental harm." (ECF No. 37 at p. 2.) While reputation risks alone may not be "sufficient to outweigh the public interest in the openness of this litigation," *Candidate No. 452207 v. CFA Inst.*, 42 F. Supp. 3d 804, 809 (E.D. Va. 2012),

5

there is a risk of retaliatory or mental harm where a plaintiff "may face psychological harm from having [his] sensitive experience made permanently available to anyone with Internet access." *E.E.O.C. v. Spoa, LLC*, No. CIV. 1:13-CV-1615-CCB, 2013 WL 5634337, at *3 (D. Md. Oct. 15, 2013). Where "there could be some risk of mental harm to plaintiff upon public dissemination of her identity in connection with" sensitive personal information, anonymity may be warranted. *Chesapeake Med. Sols., LLC*, 2020 WL 13612472, at *2.

Plaintiff alleges he is a member of an orthodox religious community where public information regarding his severe mental health disability will lead to stigmatization. (ECF No. 39-1 ¶¶ 11, 12.) Plaintiff repeatedly avers that public disclosure of his identity in association with this lawsuit will degrade his mental health and cause him psychological harm. (ECF No. 87-1 ¶¶ 11–13.) Plaintiff submitted correspondence from his treating psychologist asserting that public disclosure of Plaintiff's identity will cause, in his estimation, mental and emotional distress for Plaintiff. (ECF No. 97.) The court is thus persuaded that were it to deny the Motion, Plaintiff would be vulnerable to significant mental harm as a result of his highly sensitive information being made public. *See Spoa, LLC*, 2013 WL 5634337, at *3, *supra*.; *Univ. of Maryland Med. Sys. Corp.*, 2023 WL 3949737, at *3 (noting "it is easy to see how public disclosure of [p]laintiff's diagnosis [and] the events leading to her involuntary admittance … could cause further mental harm to [p]laintiff. This is particularly true in light of the risk of stigma to individuals who are involuntarily admitted."). Therefore, the second factor further weighs in favor of allowing Plaintiff to proceed by pseudonym.

The third factor considers "the ages of the persons whose privacy interests are sought to be protected." *Jacobson*, 6 F.3d at 238. Plaintiff is not a minor. (ECF No. 38 at p. 3.) Accordingly, the third factor weighs against permitting Plaintiff to proceed under a pseudonym. *See Towson*

*Univ.*, 2022 WL 18142844, at *2 (finding that the third factor weighed against permitting the plaintiff to proceed by pseudonym where he was not a minor); *Doe v. Pittsylvania Cnty., Va.*, 844 F. Supp. 2d 724, 731 (W.D. Va. 2012) (same).

The fourth *Jacobson* factor considers whether Plaintiff's action is against a governmental entity or, instead, private party whose reputation may be harmed unfairly if Plaintiff is permitted to proceed anonymously.  "[C]ourts in general are less likely to grant a plaintiff permission to proceed anonymously when the plaintiff sues a private individual than when the action is against a governmental entity seeking to have a law or regulation declared invalid." *Doe v. Merten*, 219 F.R.D. 387, 394 (E.D. Va. 2004).  "Actions against the government do no harm to its reputation, whereas suits filed against private parties may damage their good names and result in economic harm."  *Doe v. Pittsylvania Cnty.*, 844 F. Supp. 2d 724, 730 (W.D. Va. 2012).

Plaintiff brings this action against the University of Baltimore School of Law and employees of same named in their official capacities only.  (ECF No. 38 at p. 3.)  The fourth factor does not tip the issue or strongly inform the court's decision; the allegations concern private individuals (even if named in their official capacities) as well as, at least with respect to Defendant University of Baltimore School of Law, an institution created by the State.[1]  MD. CODE ANN., EDUC. § 12-101.

With respect to the fifth *Jacobson* factor, the court examines whether there is a "risk of unfairness to the opposing party from allowing an action against it to proceed anonymously."  6 F.3d at 238.  Where Defendants know who Plaintiff is and are "fully capable of investigating and responding to her allegation," there is no risk that allowing Plaintiff to proceed by pseudonym will

---

[1] Even if the court were to conclude that the fourth *Jacobson* factor weighs against anonymity because the underlying policy (that actions against the government do no harm to its reputation) is not applicable to an entity with a more attenuated relationship with the government (as with Defendant University of Baltimore School of Law), it would not change the court's conclusion in light of the significance of the first two factors.

7

Case 1:24-cv-02744-JRR    Document 128    Filed 07/09/25    Page 8 of 10

prejudice Defendants' defense. *Spoa, LLC*, 2013 WL 5634337, at *3. *See Alger*, 317 F.R.D. at 41 (finding that the fifth factor weighs in favor of anonymity where the defendants are fully aware of the plaintiff's identity and fail to articulate how they would be prejudiced in their defense). Here, Defendants know Plaintiff's identity. Further, in their response in opposition to the Omnibus Motion, Defendants identify the risk that jurors may be swayed by Plaintiff's appearance under pseudonym as counseling in their favor under factor five. This argument is unavailing. The court's order applies to the current docket and future filings; the court has not determined whether to allow Plaintiff to appear at trial by pseudonym. And if the court were to so allow, a jury instruction could cure any potential prejudice Defendants portend. In any event, the court finds the factors in favor of Plaintiff's pseudonymity weigh more heavily than this speculative prejudice. Therefore, the fifth factor weighs in favor of granting the Motion.

Upon consideration of the *Jacobson* factors and the circumstances of the instant case, the court concludes that the present case implicates Plaintiff's privacy interests pertaining to highly sensitive and stigmatizing matters, and "substantially outweigh the presumption of open judicial proceedings." *See Pub. Citizen*, 749 F.3d at 274, *supra*. Accordingly, allowing Plaintiff to proceed in this action under the pseudonym "J.E." is warranted.[2] The court will order that any document that identifies Plaintiff by name, in whole or in part, shall be filed under seal, with redacted copies to be placed in the public file.

For the reasons set forth above, to safeguard the critical First Amendment public access interest while balancing the practical administration of the docket, the court will seal the entirety of the docket and refile the following operative pleadings redacted to shield J.E.'s full name: ECF

---

[2] In his reply in support of the Omnibus Motion, Plaintiff, for the first time, seeks to proceed under the name "Sam Ellis" instead of the pseudonym J.E. The court rejects this request for myriad reasons including that such request was not made in the Omnibus Motion and that courts are not known to allow parties proceeding under pseudonym to select a different individual's name under which to proceed.

8

Nos. 39, 46, 47, 68, 71, 72, 73, 76, 77, 79, 98, 99, 100, 101, 111, 113, 118, 119, 120, 123, 124, 125, and 127. Filings on the docket that do not contain Plaintiff's full name shall remain unsealed. Additionally, the court notes that filings bearing Plaintiff's full name that are not deemed operative will remain under seal to the public but will be accessible to case participants.

### III.   MISCELLANEOUS MOTIONS

Plaintiff's "Motion for Reconsideration re ECF 78 and Interim Protective Relief" (ECF No. 94) shall be denied as moot in view of the court's ruling on the Omnibus Motion.

Plaintiff's "Motion for Redactions" (ECF No. 103) wherein Plaintiff seeks alternative relief in the event the court denied the Omnibus Motion shall also be denied as moot in view of this order and the court's authorization that Plaintiff may proceed under pseudonym.

Plaintiff's "Motion to Strike Former Counsel of Record" (ECF No. 116) shall be denied. Attorneys routinely withdraw from cases and their withdrawal is marked as terminated on the docket; this designation does not generate confusion. The court declines to remove all reference to Plaintiff's former counsel from the record.

Additionally, the court is in receipt of Plaintiff's notice regarding state court proceedings between the parties to this action (ECF No. 115). This court lacks authority to intervene in state court proceedings and Plaintiff's use of pseudonym applies to the instant case only. Similarly, this court lacks authority to remove or alter filings from this case docketed before the instant order that may appear on third-party websites.

### IV.   MOTIONS FOR LEAVE TO FILE UNDER SEAL

In view of the court's above analysis and J.E.'s pseudonym status, the pending motions to seal at ECF Nos. 65, 69, 74, 80, 82, 84, 86, 88, 91, 93, 94, 96, 102, 103, 104, 106, 108, 110, 112, 114, 117, 121, 122, and 126 will be denied as moot, as all of the attendant filings (currently under

9

provisional seal) will remain sealed or will be redacted and re-docketed as set forth above.

## V. CONCLUSION

For the reasons set forth herein, by separate order, Plaintiff's Omnibus Motion to File his First Amended Complaint Under Pseudonym, to File the First Amended Complaint Provisionally Under Seal, and to Seal the Prior Record and Plaintiff's Affidavit in Support (ECF No. 38) shall be granted, and Plaintiff shall be permitted to proceed under the pseudonym "J.E." Accordingly, the motions at ECF Nos. 65, 69, 74, 80, 82, 84, 86, 88, 91, 93, 94, 96, 102, 103, 104, 106, 108, 110, 112, 114, 117, 121, 122, and 126 will be denied as moot. Finally, for the reasons described above, ECF No. 116 shall be denied.

Chambers staff and the Clerk's Office shall redact and re-docket the operative filings listed above. The parties are hereby warned that this process presents an administrative hurdle and may not be completed simultaneously with the filing of this order. Any nuisance contact with either Chambers or the Clerk's Office will only delay the completion of sealing and re-docketing redacted versions, and is therefore strongly discouraged.

July 9, 2025                                                /s/_____
                                                            Julie R. Rubin
                                                            United States District Judge